IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY JOSEPH, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> V. <br><br> THE ESTEE LAUDER COMPANIES, INC., a Delaware corporation, <br><br> Defendant. | CASE NO. 1:21-CV-01703 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant, The Estée Lauder Companies, Inc. ("ELC" and "Defendant") hereby gives notice of removal of this action, *Amy Joseph v. The Estée Lauder Companies, Inc.*, Case No. 2021 CH 00699 (the "State Court Action"), from the Circuit Court of Cook County, Illinois County Department, Chancery Division to the United States District Court for the Northern District of Illinois. In support of this notice, Defendant states:

### BACKGROUND

1. Plaintiff, Amy Joseph, ("Plaintiff" or "Ms. Joseph") commenced this action by filing a putative Class Action Complaint in the Circuit Court of Cook County, Illinois County Department, Chancery Division on February 16, 2021, under Case No. 2021 CH 00699. Class Action Complaint ("Compl."), attached hereto as **Exhibit A.**

2. The Class Action Complaint contains allegations against ELC "on behalf of all other similarly situated individuals" (**Exhibit A,** Compl. ¶¶ 8, 35, 44-46), as well as Ms. Joseph in her individual capacity. (*Id.*). Specifically, the class allegations seek redress for physical injury and monetary damages, actual damages, punitive damages, as well as reasonable attorney's fees and costs, related to their purchases and subsequent use of an alleged product, "Reformulated Eye Concentrate." (*Id.* at ¶8). Plaintiff alleges that a product, "Reformulated Eye Concentrate" (hereinafter, the "Product") contained a new formula that caused Plaintiff and other class members to suffer redness, irritation, burning, itching, swollen eyes, and burns. (*Id.* at ¶¶ 6-7, 21, 24). As a result of their alleged personal injuries, Plaintiff and class members are "unwilling to use the Reformulated Eye Concentrate that they purchased" and consider it "worthless." (*Id.* at ¶¶33-34). Plaintiff further alleges that had "Plaintiff and Class members known the truth, they would not have purchased the Reformulated Eye Concentrate." (*Id.* at ¶32). Plaintiff seeks damages against ELC for allegedly, "misrepresenting its [Reformulated Eye Concentrate] purported benefits, and failing to disclose and actively concealing its propensity to cause physical injury." (*Id.* at ¶¶61, 24-35).

3. The Class Action Complaint includes five counts against ELC: "Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act" (Count I); "Violation of Consumer Fraud and Deceptive Trade Practices Acts of the Various States" (Count II); "Strict Product Liability" (Count III); "Negligence" (Count IV); "Restitution/Unjust Enrichment" (Count V). Plaintiff seeks certification of Counts I-V as Illinois and National classes, as well as damages against ELC for: actual damages, punitive damages, non-economic compensatory damages, interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable by law. (*See id.* at p. 28).

4. Plaintiff served Defendant with a copy of the Class Action Complaint on February 25, 2021.

5. This Notice of Removal is timely under 28 U.S.C. §1446(b), as it is filed within thirty days after receipt by Defendants, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. §1446(b).

6. The Circuit Court of Cook County, Illinois County Department, Chancery Division, is located within the Eastern Division of the Northern District of Illinois.

7. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon the removing Defendant, which papers include the Class Action Complaint (**Exhibit A**). A copy of the state court Docket Sheet as of March 29, 2021 is attached hereto as **Exhibit B.**

## VENUE AND JURISDICTION

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 93, 1391, 1441(a), and 1446(a) because the Circuit Court of Cook County, Illinois County Department, Chancery Division, where the Complaint was filed, is a state court within the Eastern Division of the Northern District of Illinois.

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA"), because this is a civil class action in which (1) the amount in controversy exceeds $5,000,000, (2) the proposed class and classes exceeds 100 members, and (3) at least one member of the proposed class of plaintiffs is a citizen of a state different than the Defendant.

10. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity between the Plaintiff and the Defendant; (2) the amount in

controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**BASIS OF REMOVAL**

**I. This Court Has Original Jurisdiction Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).**

11. Pursuant to 28 U.S.C. § 1332(d), federal district courts have original jurisdiction over putative class actions with 100 or more putative class members, in which the aggregate amount in controversy exceeds $5,000,000, and any member of the putative class is a citizen of a state different from any defendant. Complete diversity among parties is not required. 28 U.S.C. § 1332(d)(2)(A). CAFA was intended to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed." S. Rep. 109-14, at 43 (2005), 2005 U.S.C.C.A.N. 3, 41; *J.B. ex rel. Benjamin v. Abbott Laboratories, Inc.*, 2012 WL 1655980, at *2 (N.D. Ill. May 9, 2012).

12. *Covered Class Action:* This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute ... authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); 735 ILCS 5/2-801. Specifically, this action was purportedly brought as a class action under Illinois statute, 735 ILCS 5/2-801, which authorizes an action to be brought by a representative person as a class action when certain requirements are met. (**Exhibit A,** Compl. ¶¶8, 45-47). ELC denies, however, that this case should be certified as a class action, and expressly reserves its right to oppose any motion for class certification filed in this action.

13. ***Class Action Consisting of 100 or More Members:*** Plaintiff alleges that there are "thousands" of potential class members, satisfying CAFA's requirement that the putative class consist of at least 100 members. (**Exhibit A,** Compl. ¶48); 28 U.S.C. § 1332(d)(5)(B).

14. ***Citizenship of Parties:*** The requisite minimal diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2). Plaintiff is a citizen of Illinois. (**Exhibit A,** Compl. ¶9). By contrast, ELC is not a citizen of Illinois. (*Id.* at ¶10).

15. ***Amount in Controversy:*** There is more than $5,000,000.00 in controversy in this action. Under 28 U.S.C. § 1332(d), the amount in controversy in a putative class action is determined by aggregating the amount at issue of the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). While ELC denies that Plaintiff or any putative class member is entitled to recover in any amount, and specifically denies that Plaintiff or any putative class member is entitled to the relief in the various forms and amounts sought, the Class Action Complaint's allegation of a putative class and the relief sought place an aggregate amount in controversy of more than $5,000,000.00 as demonstrated by paragraphs 21-29 below.

**A. Diversity of Citizenship is Present.**

16. Diversity of citizenship exists in class actions where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 677 (7th Cir. 2006). This threshold is met in this action, and is supported in the allegations of Plaintiff's Class Action Complaint. (*See* **Exhibit A**, ¶¶9-10).

17. On the face of the Class Action Complaint, Plaintiff asserts that she is a citizen and resident of the State of Illinois. **(Exhibit A**, ¶9).**

18. Corporations are deemed citizens of the state in which they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1); *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) ("[W]hat matters for the citizenship of a corporation is its state of incorporation and its principal place of business.").

19. ELC is a corporation organized under the laws of Delaware with its principal place of business in New York. ELC is therefore a citizen of Delaware and New York for purposes of diversity jurisdiction.

20. Because Plaintiff, a member of the class of plaintiffs, is a citizen of Illinois, and ELC is a citizen of Delaware and New York, minimum diversity of citizenship exists.

**B. The Amount in Controversy Threshold is Met.**

21. CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "When removing a suit, the defendant as proponent of federal jurisdiction, is entitled to present its own estimate of the stakes." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

22. Where, as here, the Class Action Complaint does not articulate concrete damages or otherwise state that the class will seek an amount below the jurisdictional minimum, CAFA's amount in controversy requirement is satisfied by showing a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 449 (7th Cir. 2005); *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006) ("[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence").

23. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is *legally impossible* for the

plaintiff [class] to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (emphasis added). This standard focuses on the possible recovery if Plaintiff and the class won all of their claims; whether they are likely to recover anything based on the merits of the case is irrelevant to the amount in controversy analysis. *See, Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (quoting *Brill*, 427 F.3d at 449).

24. Among other things, Plaintiff seeks (on behalf of herself and others) actual damages including the full purchase price for each unit of the Product purchased. (**Exhibit A,** Compl. at ¶¶ 43, 66, 80, 91, 98). Plaintiff also seeks:

    a. Non-economic compensatory damages in the form of physical injury, physical discomfort, annoyance, and emotional distress damages;

    b. Punitive damages; and

    c. Attorney's fees and costs of suit.

(*Id.* at ¶¶ 8, 35, 43-44, 66-68, 80-82, 91-92, 98-99).

25. ELC denies all of Plaintiff's allegations and specifically denies that Plaintiff or putative class members are entitled to any relief. Without prejudice to its defenses in this action and for purposes of demonstrating by a preponderance of evidence that the amount in controversy exceeds the $5,000,000 threshold amount for removal jurisdiction under CAFA, *see* 28 U.S.C. § 1332(d)(2), ELC declares that:

    a. More than 25,000 units of the Product have been sold in the United States. The suggested retail value of the Product is more than $200.00 USD. Therefore, the Product has generated over $5,000,000.00 in sales. *See*, Declaration of Lesley Crowther, attached hereto as **Exhibit C.** *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) ("We have suggested several ways in which

[a proponent of federal jurisdiction may establish what the plaintiff stands to recover] - by calculation from the complaint's allegations ... or by introducing evidence, in the form of affidavits from the defendant's employees ..."); *Stull v. YTB Intern.*, Inc., 2010 WL 4008153, at *4 (S.D. Ill. Oct. 13, 2010) (jurisdictional amount may be established by affidavit of company representative, estimating size of class multiplied by estimated damages).

26. Moreover, as discussed in paragraph 24 above, Plaintiff also seeks compensatory damages, punitive damages, and attorneys' fees and costs, all of which may be considered in establishing the amount in controversy for removal jurisdiction under CAFA. Given the magnitude of the putative class that plaintiff puts at issue ("thousands of individuals"), each of the requests for relief described in this paragraph collectively meet CAFA's amount-in-controversy requirement. *See, e.g. Oshana*, 472 F.3d at 512 (considering punitive damages under ICFA for the purposes of determining amount in controversy); *Smith v. Am. Gen'l Life & Accident Ins. Co.,* 337 F.3d 888, 896–97 (7th Cir.2003)(attorneys' fees up to the time of removal also count toward the jurisdictional amount); *Stull*, 2010 WL 4008153, at *4 (attorneys' fees incurred before a case is removed can be counted toward the amount in controversy under CAFA).

27. Punitive damages are available under both the common law of fraud and ICFA, 815 ILCS 505/4 to 505/12. *Robinson v. Avanquest N. Am. Inc.*, 14 C 8015, 2015 WL 196343, at *4 (N.D. Ill. Jan. 13, 2015) (citing *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir.2011)). Furthermore, the Seventh Circuit has indicated, that it once was thought that a multiplier of four was close to the constitutional limit, *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 23–24 (1991), but that the United States Supreme Court suggested that a larger (but still single-digit) ratio could be allowable in *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S.

408, 425 (2003). A multiplier of six has been utilized as a conservative estimate (*Robinson*, 2015 WL 19643, at *4), but courts in Illinois have affirmed awards for fraud or violations of ICFA that reflect higher multipliers. *See Keeling*, 660 F.3d at 275 (collecting cases).

28. Furthermore, Plaintiff's and class members' demands for compensatory damages to redress personal injuries sustained from use of the Product (*Supra,* at ¶2; **Exhibit A,** at ¶¶6, 24-28, 43, 49-50, 95, 98), are also considered in the aggregate to determine amount in controversy. Given the size of the purported class and specific allegations for personal injuries and Defendant's investigation of the allegations, a good faith estimate of the aggregate amount in controversy exceeds $5,000,000. (*Id.*; *See id.* at ¶25). Based on the allegations of personal injuries, actual damages alleged, and demand for punitive damages, the experience of counsel litigating cases involving similar claims in the Northern District of Illinois indicates that there is a reasonable probability the amount in controversy in aggregate for all class member claims exceeds $5,000,000. (*See*, *infra*, **Exhibit D** at ¶¶5-6).

29. The preponderance of the evidence demonstrates that the amount in controversy exceeds the jurisdictional threshold of $5,000,000. 28 U.S.C. § 1332(d)(2). Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), as amended by CAFA, and this case is properly removable pursuant to 28 U.S.C §1441.

II. **This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(a) – Diversity of Citizenship.**

30. Removal is proper under 28 U.S.C. § 1332(a), which provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between citizens of different states.

31. In putative class actions such as this case, original jurisdiction under 28 U.S.C. § 1332(a) exists where (i) complete diversity of citizenship exists between each named plaintiff and

each defendant and (ii) the amount in controversy for each named plaintiff exceeds the value of $75,000, exclusive of interest and costs. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566-67 (2005) (holding that where at least one named plaintiff satisfies the amount in controversy requirement and the other elements of diversity jurisdiction are satisfied, 28 U.S.C. § 1367 permits exercise of jurisdiction over other plaintiffs who do not satisfy the amount-in-controversy requirement); *see also Payton v. County of Kane*, 308 F.3d 673, 681 (7th Cir. 2002) ("the citizenship requirement for purposes of diversity jurisdiction in a class action hinges entirely on the citizenship of the named plaintiffs").

### A. Complete Diversity of Citizenship is Present.

32. As demonstrated Section I, above, there is complete diversity of citizenship here because Plaintiff is an Illinois citizen and the sole Defendant, ELC, is a citizen of Delaware and New York.

33. Plaintiff asserts that she is resident and citizen of the State of Illinois. **Exhibit A, ¶9.** Plaintiff is therefore an Illinois citizen for purposes of determining diversity jurisdiction. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (internal citations omitted) ("[T]here is no statutory definition of an individual's state of citizenship. But the courts have held that it is the state of the individual's domicile—the state he considers his permanent home.").

34. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For diversity purposes, ELC is a citizen of Delaware and New York.

35. Because Plaintiff is a citizen of Illinois and the sole Defendant, ELC, is a citizen of a state other than Illinois, complete diversity of citizenship exists between Plaintiff and Defendant. *See,* 28 U.S.C. §§ 1332(a).

**B. The Amount in Controversy Exceeds $75,000.**

36. Plaintiff's claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

37. Plaintiff asserts five counts against ELC allegedly arising from the purchase and subsequent use of the "Reformulated Eye Concentrate". (**Exhibit A,** Compl. at ¶¶ 52-68, 69-82, 83-92, 93-99, 100-105). These claims include violations of Illinois and other state consumer fraud and deceptive trade practice act violations, strict liability claims for defective warnings and manufacturing defects, negligence claims for personal injuries sustained, and unjust enrichment/restitution. (*Id.*). These claims chiefly cover the monies Plaintiff spent in purchasing the Product and personal injuries that Plaintiff allegedly sustained from use of the Product. (*See, supra* ¶28; *see also,* **Exhibit A,** Compl. at ¶¶ 6, 24-28, 43, 49-50, 80, 95, 98).

38. Based on Defendant's investigation of Plaintiff's allegations, it is apparent that the amount in controversy exceeds $75,000. Plaintiff has specifically alleged that "After applying the Reformulated Eye Concentrate, Plaintiff's skin around her eye areas and under her eyes became red, irritated, burning, painful, itchy, and swollen." (*Id.* at ¶41). As a result, Plaintiff allegedly suffered "damages in the form of physical injury, physical discomfort, annoyance, and emotional distress arising from the use of the product." (*Id.* at ¶43). *See* Declaration of Attorney, Brian W. Bell, attached hereto as **Exhibit D.** Based on her allegations of personal injuries, actual damages alleged, and demand for punitive damages, the experience of counsel litigating cases involving

similar claims in the Northern District of Illinois indicates that there is a reasonable probability the amount in controversy exceeds $75,000. (**Exhibit D** at ¶¶3-4).

39. Accordingly, this action is within this Court's jurisdiction under 28 U.S.C. § 1332(a), and may be removed pursuant to 28 U.S.C. § 1441 (a) and (b).

**C. All Other Removal Requirements Are Satisfied.**

40. The Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

41. Defendant received the complaint through service on February 25, 2021.

42. Defendant is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

43. Pursuant to 28 U.S.C. § 1446(d), Defendant is promptly filing a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois County Department, Chancery Division.

44. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the State Court Action—as available from the state court docket or otherwise made available to the Defendant at the time of filing this Notice—are attached hereto as Exhibits A-B.

45. By filing this Notice of Removal, Defendant, ELC, does not waive any defense that may be available to it and reserve all such defenses, including but not limited to those related to lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Defendant requests the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Defendant, ELC gives notice that the matter bearing Case No. 2021 CH 00699 pending in the Circuit Court of Cook County, Illinois County Department, Chancery

Division, is removed to the United States District Court for the Northern District of Illinois, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated this 29th day of March, 2021

By: */s/ Madison C. Shepley*
**One of the attorneys for Defendant,
The Estée Lauder Companies, Inc.**

Brian W. Bell, #
bbell@smbtrials.com
Andrew A. Lothson, #.
alothson@smbtrials.com
Bryan E. Rogers, #
berogers@smbtrials.com
Madison C. Shepley, #6333351
mshepley@smbtrials.com
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Ave., Suite 3300
Chicago, Illinois 60611
Tel. (312) 321-9100

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2021, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record. An electronic copy of the foregoing pleading was also sent via email to the following:

Thomas A. Zimmerman, Jr.
Sharon A. Harris
Matthew C. De Re
Jeffrey A. Blake
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Firm@attorneyzim.com
tom@attorneyzim.com
sharon@attorneyzim.com
matt@attorneyzim.com
jeff@attorneyzim.com

*/s/Madison C. Shepley*
Madison C. Shepley

-13-